NADIE SAAD *vs.* ETTA R. STEUER.

Suffolk.    December 8, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Evidence,* Presumptions and burden of proof, Admission.  *Agency,* Existence of
relation.  *Estoppel.  Practice, Civil,* Appeal, Findings of fact.  *Municipal
Court of the City of Boston.*

Where, at the trial of an action for conversion of shoes, there was evidence tend-
ing to show that the plaintiff delivered the shoes at the defendant's place of
business to one, whom he alleged to be an employee of the defendant, for last-
ing and finishing; that, after the work was completed, that person unwarrant-
ably refused to redeliver the shoes to the plaintiff and that the plaintiff then
brought an action against such person and in that action attached property
claimed by the defendant in the instant action, the fact that thereupon such de-
fendant demanded of the attaching officer the return of his property so attached
cannot be distorted, in the instant action, into an admission by him that the
person who was the defendant in the action in which the attachment was made
was his agent; nor does it estop him from showing the true state of affairs.

A finding by a judge of the Municipal Court of the City of Boston, warranted
by one view of conflicting testimony, will not be disturbed upon an appeal
to this court from an order of the Appellate Division dismissing a report setting
out the evidence and the finding.

TORT for the alleged conversion of thirty-nine pairs of shoes,
alleged to have been left with the defendant by the plaintiff for
lasting and finishing.  Writ in the Municipal Court of the City
of Boston dated December 11, 1920.

Proceedings and material evidence and findings in the Munici-
pal Court are described in the opinion.  There was a finding for
the defendant and the action was reported to the Appellate
Division, who ordered the report dismissed.  The plaintiff ap-
pealed.

*P. H. Kelley,* for the plaintiff.

*G. W. Reed,* for the defendant.

BRALEY, J.    This is an action for the alleged conversion of
thirty-nine pairs of shoes, the property of the plaintiff.  The
Chief Justice of the Municipal Court found for the defendant,
and his decision having been sustained by the Appellate Divi-
sion, the case is here on the plaintiff's appeal.

At the close of the evidence the plaintiff requested the Chief

Justice to rule (1), that upon "all the evidence the court may well find that the defendant was carrying on the business conducted at 18 Olive Place, through Reardon as her undisclosed agent." (2) "The evidence shows conclusively that up to the end of August, 1920, the defendant was carrying on business under the name of Louis A. Reardon as her undisclosed agent." (3) "The notice served upon the constable estops the defendant from claiming that she was not in control of the business carried on at 18 Olive Place." The refusal to give these requests presents the only questions raised by the record.

It does not seem to have been controverted that in August, 1920, the plaintiff called at a shop in Olive Place, and made an appointment with one Reardon to last and finish thirty-nine pairs of children's shoes at an agreed price. On or about November 1, 1920, pursuant to the agreement, the plaintiff delivered the shoes to Reardon. The plaintiff upon being notified to call and get the shoes found fault with some of the workmanship, and the plaintiff testified that a further examination was refused and he was ordered to take and pay for them. A second visit occurred December 10, 1920, when he offered to pay, but was "ordered out." If Reardon was the defendant's agent, it could have been found that the plaintiff was entitled to recover. *Hall* v. *Bates*, 216 Mass. 140.

But on this question the parties were sharply in conflict. The plaintiff introduced evidence tending to sustain his contention that Reardon was authorized to contract for the defendant, which the defendant denied. And her demand on the constable for a return of her property which had been attached in the plaintiff's action against Reardon while corroborative of her claim of ownership, could not be distorted into an admission of Reardon's agency. Nor was she thereby estopped from showing the true state of affairs. *Stiff* v. *Ashton*, 155 Mass. 130. The trial court alone was to pass upon the credibility of the witnesses and could believe the testimony of Reardon, from which it appeared and could be found, that he carried on business for himself at 20 Olive Place, the number on the third floor of the building, while Miss Steuer conducted her business on the ground floor known as 18 Olive Place, the machinery and equipment of which belonged to her. He testified further that "the work on the shoes was

all done in 18 Olive Place by him and one Durgin, who worked on equal shares, and that the defendant . . . had nothing to do with the contract or the work," and that he never refused to deliver the shoes to the plaintiff, who tried to take them without payment for the work.

The finding for the defendant having been warranted even if Reardon hired the use of the defendant's machines, no error of law is shown in the refusal of the requests. *Doon* v. *Felton,* 203 Mass. 267. *Evans* v. *County of Middlesex,* 209 Mass. 474, 479. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. The order dismissing the report is

*Affirmed.*