ETTA S. REARDON *vs.* WADIE SADD.

Suffolk.    December 5, 1927. — January 25, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Abuse of Process.    Attachment.*

At the trial of an action of tort for abuse of process, there was evidence that the defendant caused machinery of the plaintiff, a woman, to be attached and removed from her place of business in an action for conversion of shoes left by the defendant under contract with one who hired the plaintiff's machinery for lasting and finishing; that previously an action had been brought by the defendant against the person with whom he had made his contract, in which the same machinery had been placed under attachment, and which was discontinued when the plaintiff had told the defendant's counsel that she owned the place of business where the machinery was, and formally had notified the officer who made the attachment that the machinery was hers; that defendant's counsel, when so informed by the plaintiff, said, "Then you are the one we want to get"; and that the action against the woman followed, in which there was a judgment in her favor which was affirmed by this court. *Held,* that findings were warranted, that the attachment and removal of the plaintiff's property was intentionally and wilfully done

to enforce a claim which the defendant knew was groundless, and were an abuse of legal process; and that it was proper to deny a motion that a verdict be ordered for the defendant.

It is not a condition precedent to the maintenance of an action for abuse of process that the plaintiff show a termination of the action in which the process was issued, nor want of probable cause for instituting it.

TORT, with a writ as amended against Wadie Sadd, sometimes known as Nadie Saad, doing business under the name of Puritan Novelty Co. and also of Mary Sadd, and a declaration as amended in two counts. In the first count the plaintiff alleged that the "defendant well knowing that he had no valid claim against the plaintiff, nevertheless sued out a writ, on or about December 11, 1920, against the plaintiff, and on that writ wrongfully attached the property of the plaintiff and removed most of the contents of said factory, and wrongfully used said legal process to deprive the plaintiff of her property, and to ruin her business." In the second count, the plaintiff alleged that the "defendant, maliciously intending to injure the plaintiff, and well knowing that he had no valid claim against the plaintiff, nevertheless sued out a writ against the plaintiff, and removed most of the contents of said factory and interfered with the plaintiff's business and ruined it." Writ dated April 22, 1925.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in her favor. The motion was denied. The record states: "The case was submitted to the jury under instructions of the court which are not excepted to." There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*C. H. Loring*, for the defendant.

*A. L. Millan*, for the plaintiff.

BRALEY, J. In this action the jury warrantably could find that in November, 1920, Lewis Reardon occupied a part of the third floor of a building numbered 20 Olive Place, Boston, as a manufacturer of shoes or parts of shoes; that the plaintiff, now the wife of Reardon but at that time a Miss Steuer, conducted a business and was the owner of the machinery and

equipment used therein, on the ground floor of the building known as 18 Olive Place, Boston; that in August, 1920, the defendant called at 18 Olive Place where he met Reardon and arranged with him to last and finish thirty-nine pair of children's shoes at an agreed price of seventy cents a pair; that on November 1, 1920, the defendant delivered to Reardon at 18 Olive Place the shoes in question and, on being notified to call and get the shoes, the defendant wished to take them away without paying for them, whereupon a dispute arose between him and Reardon which resulted in the latter's refusal so to deliver them; that forthwith the defendant brought an action against Reardon for conversion, attached the machinery at 18 Olive Place and caused a keeper to be placed therein; that on December 11, 1920, Miss Steuer gave notice in writing to the constable who served the writ that she was the owner of the property and requested him to withdraw the keeper and release the attachment. There was evidence tending to show that the contract was between the defendant Sadd and Reardon and that Sadd never had any business dealings with the plaintiff. On the last named date Miss Steuer called at the office of counsel for Sadd and informed him that she owned the business at No. 18 Olive Place, to which counsel replied, "Then you are the one we want to get." The record states that she did not allow counsel to make any explanation to her, nor did she tell him that Reardon was working on Sadd's shoes on his own account but that he was using her machinery. There was evidence to show that up to September 1, 1920, when he left, Reardon had been in charge of her business; that on that date she engaged one Durgin "to run the business for her"; that the business at 20 Olive Place was not discontinued, but that Reardon, having no machinery of his own, used the machinery at 18 Olive Place, when necessary, paying therefor at the rate of twenty-five cents per hour; that after Miss Steuer's conference with defendant's counsel the action against Reardon was discontinued and another brought by Sadd against Etta R. Steuer (now Mrs. Reardon) for the conversion of thirty-nine pair of shoes on the ground that Reardon was her agent. On the writ, the constable attached

the machinery at 18 Olive Place and it was removed and placed in storage by him. The action against Miss Steuer resulted in her favor, as shown by the decision in *Saad* v. *Steuer*, 241 Mass. 31, which was introduced in evidence and made a part of the record in this case. The jury also could find that Reardon informed the defendant that he did not own the machinery, that he was not acting in any way for Miss Steuer who had no interest in his business, but that he paid for the use of her machinery when necessary; that when the writ against her was issued counsel for Sadd assumed that Reardon acted for her as an undisclosed principal. It was decided in *Saad* v. *Steuer, supra,* that the plaintiff had no cause of action, and the jury in the case at bar could find that the attachment and removal of her property was intentionally and wilfully done to enforce a claim which the defendant knew was groundless and was an abuse of legal process. *Wood* v. *Graves,* 144 Mass. 365. *White* v. *Apsley Rubber Co.* 181 Mass. 339.

The case at bar is not an action for malicious prosecution and to maintain it the plaintiff need not show a termination of the action in which the process was issued, nor want of probable cause. The defendant's motion for a directed verdict was denied rightly.

*Exceptions overruled.*