FREDA SWARTZ *vs.* BROCKTON SAVINGS BANK.

Suffolk. January 5, 1945. — March 28, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Abuse of Process. Attachment. Married Woman. Practice, Civil, Ad damnum.*

The mere fact that property of a married woman was liable to attachment in an action by a creditor against her husband because of a failure to file a married woman's certificate as required by G. L. (Ter. Ed.) c. 209, §§ 10, 11, would not preclude her from maintaining an action against the creditor based on malicious abuse of process in connection with such an attachment.

Merely fixing the ad damnum of a writ at $110 in an action begun in 1941 upon a claim amounting to only $26 did not constitute malicious abuse of process.

An action of tort for malicious abuse of process cannot be maintained without proof of damage.

In the absence of evidence that the appointment of a keeper of goods attached in a store was known to the customers of the store or caused any damage to the proprietor, he could not maintain an action for malicious abuse of process against the attaching creditor based on the alleged ground that an indorsement of the writ in the creditor's action under G. L. (Ter. Ed.) c. 223, § 48, as appearing in St. 1938, c. 348, to permit the appointment of the keeper had been obtained by misrepresentations made to a judge by the creditor's attorney.

TORT. Writ in the Superior Court dated February 24, 1943.

The action was tried before *Burns*, J. The only evidence which might bear on the question of damage was the fol-

lowing: "The constable, at the direction of the defendant's attorney, retained his keeper in the plaintiff's place of business until about half past five in the evening of the same day, then the defendant's attorney instructed the constable to remove goods to the value of . . . $110, the amount of the ad damnum in the writ. This the constable did by backing up a truck against the store and removing about three quarters of the canned goods on the shelves together with the cash register. The plaintiff testified that the 'stuff' taken was worth about $110. . . . The plaintiff testified that she had about fifty customers a day, but after the keeper had removed the goods, the number diminished to about thirty-five a day for a period of about four months. She testified that the store in question sold papers, periodicals, canned goods, bread and about twelve quarts of milk a day."

A verdict for the plaintiff was recorded subject to leave reserved, and later the judge ordered entered a verdict for the defendant. The plaintiff alleged exceptions.

*M. H. Goldman,* (*N. Richman* with him,) for the plaintiff.
*M. J. Zieman,* for the defendant.

LUMMUS, J. The plaintiff's husband, Jacob Swartz, owed the defendant $26 for rent of a tenement from March 15 to April 15, 1940. The defendant claimed that sum and no more and on January 7, 1941, instructed its attorney in writing to collect that sum, by action if necessary. The plaintiff's husband called on the attorney, and offered to pay that sum in instalments, but the attorney insisted upon full payment of that sum at once. Nothing was paid.

On January 20, 1941, the attorney brought a writ, with an ad damnum of $110, and drew a declaration for three months' rent at $26 a month, adding to the rent actually due rent for the months immediately preceding and succeeding the month for which the rent was actually due. By G. L. (Ter. Ed.) c. 223, § 48, as amended by St. 1937, c. 308, and St. 1938, c. 348, § 1, a keeper of attached property may not be appointed unless the writ bears the indorsement of · a judge of the court in which the action is commenced, stating that such appointment is necessary. The attorney

presented the writ and declaration to such a judge, and obtained such an indorsement upon the stipulation that the declaration when entered in court must be the same as that presented to the judge.

The officer then attached personal property in the store at 1587 Tremont Street in Boston, and placed a keeper in the store. Later the attached property, to the amount of the ad damnum, was removed from the store. Still later the action was tried, and a judgment rendered for the present defendant, then the plaintiff, in the sum of $26 and costs, and execution was issued thereon. The execution was satisfied by payment, and the attached property was returned.

There was evidence that the store belonged to the plaintiff, Freda Swartz, and not to her husband, although her husband worked there. But no married woman's certificate had been recorded as required by G. L. (Ter. Ed.) c. 209, §§ 10, 11. Therefore the personal property employed in the business carried on by the plaintiff in the store was liable to attachment in an action against her husband. But that fact does not give the defendant immunity from liability to the plaintiff for a malicious abuse of process. *Kolas* v. *La-Rochelle*, 270 Mass. 49.

There was no impropriety in fixing the ad damnum at $110 in an action upon a claim for $26. Interest and taxable costs might raise the amount of the claim to the amount of the ad damnum. See now St. 1943, c. 234, § 1 (G. L. [Ter. Ed.] c. 223, § 42A).

The present action is for an alleged malicious abuse of process. In such an action, unlike an action for malicious prosecution (*Rosenblum* v. *Ginis*, 297 Mass. 493, 497), the plaintiff need not show a termination of the earlier proceeding in her favor. She may recover for a malicious abuse of process even though she or her property was liable in the earlier proceeding. *Zinn* v. *Rice*, 154 Mass. 1. *White* v. *Apsley Rubber Co.* 181 Mass. 339. *Malone* v. *Belcher*, 216 Mass. 209, 211.

Obviously, the size of the debt might properly affect the discretion of a judge when asked to indorse a writ to enable

a keeper to be appointed. A judge might properly deny the use of such a means to collect a trifling claim. We are not referred to any formal rule or established practice in the court in which the original action was brought. But the judge evidently was interested in the nature and amount of the claim, for he stipulated that the declaration filed should be the very declaration that had been presented to him. The jury could find that the fact that the declaration was for $78 instead of $26 was a material factor in obtaining the indorsement of the judge. The jury could find that the attorney intentionally misrepresented and overstated the claim for the purpose of obtaining that indorsement, which otherwise he feared he could not obtain.

We need not decide whether such sharp practice, if found to exist, would constitute malice, and would amount to actionable abuse of process. See *Everett* v. *Henderson*, 146 Mass. 89; *Whitcomb* v. *Reed-Prentice Co.* 262 Mass. 348, 359; *Jacoby* v. *Spector*, 292 Mass. 366; *Dishaw* v. *Wadleigh*, 15 App. Div. (N. Y.) 205; *Fidelity & Deposit Co.* v. *Tafoya*, 270 U. S. 426, 434; *American Bank & Trust Co.* v. *Federal Reserve Bank*, 256 U. S. 350, 25 Am. L. R. 971. We assume that malice directed toward the plaintiff's husband would suffice where the plaintiff happened to be the one injured. Note, 18 Am. L. R. 917. See also *Commonwealth* v. *Mink*, 123 Mass. 422, 429; *Commonwealth* v. *Smith*, 312 Mass. 557.

The decisive feature of the present case is the lack of proof of the essential fact of damage to the plaintiff. *Italian Star Line, Inc.* v. *United States Shipping Board Emergency Fleet Corp.* 53 Fed. (2d) 359, 80 Am. L. R. 576. *Silverman* v. *Ufa Eastern Division Distribution, Inc.* 135 Misc. (N. Y.) 814. The defendant had a right to attach personal property used in the store in an action against the plaintiff's husband, and to remove it from the store. The loss of patronage, which constituted the only damage shown, occurred "after the keeper [*sic*] had removed the goods" and apparently because of such removal. There was no evidence that the appointment of a keeper for part of a day, which was the only result of any abuse of any process, was known to the

customers or caused any damage. For that reason, if for no other, a verdict for the defendant was rightly entered under leave reserved, after the jury had returned a verdict for the plaintiff.

*Exceptions overruled.*