*Municipal Court of the City of Boston*

No. 393216

## EMILY M. REDFIELD
### v.
## ABBOTT SHOE COMPANY
### and
## THE NATIONAL SHAWMUT BANK OF BOSTON, TRUSTEE

(March 24, 1955)

*Roberts, J.* This is an action of contract commenced by trustee process to recover $1,174.18, money due under a contract in writing signed by the defendant. The ad damnum of the writ was $3,000 and the defendant appeared specially and filed a motion to dismiss based upon an alleged violation of G. L. (Ter. Ed.) c. 223, §42A. The court, (*Tomasello, J.*), on its own motion, reduced the ad damnum of the writ to $1,500.00 and denied the defendant's motion to dismiss.

The defendant claiming to be aggrieved thereby, the trial court reported the case to this Division for determination.

The defendant argues that G. L. (Ter. Ed.) c. 223, §42A deprives the court of jurisdiction where the ad damnum is excessive or unreasonable and thereby renders the writ void, notwithstanding the provisions of G. L. (Ter. Ed.) c. 223, §114 which authorizes the court to reduce or dissolve an attachment if it finds that "the action is one to recover for an amount which is liquidated or ascertainable by calculation, and the attachment is for a larger sum than the amount of the claim and such additional amount as is reasonably necessary to include interest thereon and costs likely to be taxed in the action."

A motion to dismiss is a proper form of pleading in actions of law to raise a question of law apparent on the record, but we cannot accept the defendant's interpretation of §42A which seems clearly inconsistent with the intention of the General Court.

A statute must be construed according to the intent of the Legislature, to be ascertained by all the terms and parts of it and the subject matter to which it applies and the pre-existing state of the statutory law. Re *Kilby Bank,* 23 Pick 93; *National Fire Ins. Co. v. Goggin,* 267 Mass. 430, 436.

The General Court has long been aware of the necessity for providing for relief against excessive or unreasonable attachments. As early as 1851, it enacted a statute which authorized the court to reduce an attachment found by it to be excessive. (St. 1851, c. 233, §96). Many times since then this statute has been amended, and each time provision has been made for a reduction or dissolution of an attachment found to be excessive or unreasonable.

In 1943, G. L. (Ter. Ed.) c. 223, §114 was further amended by the enactment of §2 of an Act entitled, "An Act to Provide Relief Against Excessive Attachments." St. 1943, c. 234. §1 of this same Act was inserted into the General Laws as §42A of c. 223, upon which the defendant relies as a basis for its motion to dismiss. (*Schwartz v. Brockton Savings Bank,* 318 Mass., 66, 68.)

G. L. (Ter. Ed.) c. 223, §114, therefore, must be construed together with G. L. (Ter. Ed.) c. 223, §42A so as to make it effectual legislation in harmony with common sense and sound reason.

"It is a general principle of statutory interpretation that a body of laws enacted at one time is to be construed so as to constitute, so far as practicable, an harmonious entity." *Platt v. C.,* 256 Mass. 539, 542. "The abuses which the statute aims to correct and the purpose sought to be accomplished are to be considered." *Tilton v. Haverhill,* 311 Mass. 572.

Considered in the light of these principles, it is

apparent that the General Court intended that the court should reduce or dissolve an excessive or unreasonable attachment. It did not intend that such an attachment would render the writ void and vulnerable to a motion to dismiss.

This interpretation is further substantiated by the existence of G. L. (Ter. Ed.) c. 246, §1, as amended, which requires the filing of a bond in an action commenced by trustee process, where the ad damnum is over $1,000, in all but five enumerated classes of cases. This enactment, as amended, was likewise intended to prevent the abuse of the power to attach on trustee process. Specifically excepted from its requirements, however, are actions of contract for money due under a contract in writing. The case of *Farber v. Lubin,* 327 Mass., 128 is distinguishable from the case at bar. In that case, the court affirmed the allowance of a motion to dismiss because the statement that it was "an action of contract (in writing)" was not a statement that it was an action "for money due under a contract in writing."

The General Court is presumed to have been aware of the law with respect to remedies available in the event of an excessive or unreasonable attachment by trustee process when it enacted this statute. Apparently, it felt that where the right to attach in any one of these five enumerated classes of cases has been abused, G. L. (Ter. Ed.) c. 223, §114 afforded adequate relief and no further provisions were necessary.

The trial court took appropriate action in reducing the ad damnum of the plaintiff's writ and the motion to dismiss was rightly denied.

*Report dismissed.*

Charles V. Statuti, for the plaintiff.
Maurice H. Kramer, for the defendant.