*Northern District*

No. 5436

**JOSEPH SMITH**

v.

**VAUGHAN M. STEEVES, ALIAS**

(January 17, 1961)

*Present:* Gadsby, P. J., Brooks & Northrup, JJ.

Case tried to *Taylor, J.,* in the Municipal Court of the Roxbury District. No. 21110.

*(This opinion has been abridged.)*

*Northrup, J.* This is an action of tort in three counts. Under Count 1 the plaintiff alleges that on December 12, 1959 the defendant maliciously and without probable cause brought a summary process proceeding against him in the Municipal Court of the Roxbury District to obtain possession of certain premises which the plaintiff lawfully

occupied at 55 Fort Avenue, Roxbury, Massachusetts and that the defendant by wrongful representation caused the plaintiff to be defaulted in such action and judgment to be entered against him. Under Count 2 the plaintiff alleges that on or about January 14, 1960 the defendant, "and or his agents and servants" wrongfully and forcibly broke and entered the plaintiff's premises at 55 Fort Ave., Roxbury, Massachusetts and damaged and carried away personal property belonging to the plaintiff and his family, depriving the plaintiff of possession and use of the same. The plaintiff under this Count also claimed injury to his feelings and "great expense and loss." Under Count 3 the plaintiff alleges conversion of his household furniture, furnishings and personal property by reason of the unlawful acts of the defendant, "and or his agents and servants" as alleged under Count 2. The plaintiff also claimed under this Count damage to property, injury to his feelings, and "great expense and loss".

The defendant's answer contained a general denial, alleged negligence or wrongful acts on the part of the plaintiff, denied any illegal act by the defendant and set up the Statute of Limitation and the Statute of Frauds.

*At the trial there was evidence tending to show that* on or about November 1, 1959 one Grogan owned the premises 55 Fort Avenue, Roxbury and rented apartment No. 3 to the plaintiff as a tenant at will at the monthly rental of $50.00 payable in advance; that

during the last week of November, 1959 Grogan deeded the premises to the defendant and so informed the plaintiff.

On December 7, 1959 the defendant gave the plaintiff three days' notice in writing to quit and deliver up to him the apartment occupied by the plaintiff. Thereafter, on December 9, 1959, the plaintiff paid the defendant $15.00, the receipt for the same reading as follows: "On account of rent for month ending December, 1959." The defendant also wrote on the receipt a reservation of all rights of dispossession which he then had against the plaintiff.

On December 12, 1959, the defendant brought and had served on the plaintiff a writ of possession returnable December 19, 1959, to the Municipal Court of the Roxbury District to obtain possession of said premises. Two days after service of said writ, to wit: on December 14, 1959, the plaintiff paid the defendant $35.00 which was the balance of rent for the month of December. There was no reservation of the plaintiff's rights to dispossession as there was in the receipt given for the previous payment. The plaintiff's wife called the defendant's office regarding the pending summary process action and was told to "forget about it since the rent was paid." On December 19, 1959 the defendant, in spite of the fact that his office had told the plaintiff to forget about the summary process action, entered said case in Court. On December 23, 1959 the plaintiff was defaulted and on

January 4, 1960 an execution issued against
him in favor of the defendant for possession
and costs.

On January 7, 1960 the plaintiff paid to
the defendant $25.00 on account of rent for
the month of January and on January 14,
1960 the plaintiff paid the balance of $25.00.
The trial court found that the acceptance of
rent by the defendant for the months of
December and January created a tenancy at
will between the plaintiff and the defendant.

On January 13, 1960 by virtue of the sum-
mary process execution issued against the
plaintiff on January 4, 1960, one Blaney, a
constable, acting upon the instructions and at
the instigation of the defendant, in the absence
of the plaintiff and his family, broke down
the door of the premises occupied by the
plaintiff and removed all of the personal
property in said apartment to The Massachu-
setts Storage Warehouse, a bonded warehouse
located in Roxbury.

At the close of the evidence and before
final arguments the defendant duly filed the
following requests for rulings:

"1. That an eviction pursuant to a judgment
and the issuance of an execution in Summary
Process proceedings does not constitute an abuse
of process." (Denied)

"2. That an eviction pursuant to a judgment
and the issuance of an execution in Summary
Process does not constitute an illegal eviction."
(Allowed conditionally)

"3. All matters of evidence which should have

been introduced for the consideration of the Court in the Summary Process proceedings are *res judicata* as to the issues relative to Summary Process." (*Rulings refused*)

"4. All matters of evidence which may have afforded the plaintiff a defense to the prior Summary Process action are not admissible to enable the plaintiff to prove a *prima facie* case of:

(a)   Abuse of process

(b)   Illegal eviction

(c)   Conversion. (*Denied*)

"5. Upon all of the evidence a finding for the plaintiff is not warranted." (*Denied*)

"6. Upon all of the evidence a finding for the defendant is warranted." (*Allowed conditionally*)

"7. That in order for the plaintiff to prevail, it is incumbent upon him to allege and to prove that some legal or lawful process was used by the defendant to attain an illegal or unlawful end, and that such process was not used for a purpose for which it is intended to be used." (*Allowed conditionally*)

"8. That a constable acting under the powers vested in him and pursuant to the mandate of an execution is not an agent or servant of the defendant." (*Denied*)

"9. That a constable, in carrying out the premises of a Summary Process execution, must act according to law and not at the direction of the defendant." (*Ruling not stated in report*)

The trial court made findings of fact substantially in accordance with the evidence as hereinbefore set forth, among which were the following specific findings:

(1) that the plaintiff was a tenant at will of the defendant and that he was never served with a notice to quit the premises for non-payment of rent; (2) that upon payments by the plaintiff of rent subsequent to December 9, 1960, the defendant, as a matter of law, did not reserve any rights of dispossession against the plaintiff; (3) that the constable acted upon the instruction of the defendant or his agents in dispossessing the plaintiff; (4) that there was an intentional interference by the defendant with the rights of the possession of the plaintiff without lawful justification, and; (5) that the defendant used lawful process to accomplish an unlawful purpose, and that this unlawful act was done intentionally without just cause or excuse.

The trial court found for the plaintiff under Count 1 in the sum of $600.00, under Count 2 in the sum of $1.00 and under Count 3 in the sum of $2,200.00.

The issue raised is the correctness of the trial court's disposition of the defendant's requests for rulings. The trial court denied the defendant's request No. 5 for a ruling that the evidence did not warrant a finding for the plaintiff. This request should have been granted and its denial was prejudicial error.

Careful examination of all the evidence discloses that while the plaintiff proved a cause of action, it was different from any of those alleged in his declaration. His only right of recovery upon the facts, is for abuse of process and the trial court's findings of

fact show that such a cause of action was in fact proved. Unfortunately however, none of the three counts in the plaintiff's declaration sets forth such a cause of action G. L. (Ter. Ed.) c. 231, § par. 2 requires that a declaration state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action. The cause of action stated in a declaration is the one which the plaintiff must prove in order to recover. He cannot be successful if he alleges one cause of action and proves another as the plaintiff did here. *O'Donnell v. N. Attleboro,* 212 Mass. 243.

The report states erroneously that Count 1 of the plaintiff's declaration "purports to state a cause of action in abuse of process". It does not state such a cause of action but instead purports to state a cause of action for malicious prosecution. These two causes of action not only differ basically in nature, but the principles of law governing them are not the same. Malicious prosecution is the prosecution of a civil or criminal action maliciously and without probable cause, while abuse of process is the using of a legal process improperly, and for a purpose for which it was not intended. *Johnson v. Reed,* 136 Mass. 421; *Zinn v. Rice,* 154 Mass. 1; *Reardon v. Sadd,* 262 Mass. 345; *Shaw v. Fulton,* 266 Mass. 189; *Rosenblum v. Ginis,* 297 Mass. 493; *Schwartz v. Brockton Savings Bank,* 318 Mass. 66; *Lorusso v. Bloom,*

321 Mass. 9; *Gabriel v. Borowy,* 324 Mass. 231.

Count 1 clearly sets forth a cause of action for malicious prosecution. It alleges that the defendant "maliciously and without probable cause" brought and prosecuted a summary process proceeding against the plaintiff. As was said in *Gabriel v. Borowy,* supra 236

"The gist of the plaintiff's complaint seems to be the wrongful bringing of an action, and not the improper use of process in connection with this action. Nowhere is there any allegation of any abuse of process."

██ Since Count 1 is an action for malicious prosecution, the plaintiff must show affirmatively, as a condition precedent to recovery, that the original action terminated in his favor. This principle of law is succinctly stated in *Gabriel v. Borowy,* supra 236 as follows:

"One cannot bring an action against a defendant on the basis that the latter has brought a groundless action against him until it has been so decided in the previous action."

It follows therefore that since the summary process proceeding did not terminate in favor of the plaintiff, he cannot recover for malicious prosecution under count 1 of his declaration.

██ Incidentally we note in passing that there is an allegation in count 1 of "wrongful representation". However this bare allegation by the plaintiff, standing alone, is insufficient to warrant count 1 being considered an action

for fraud and deceit under the principles of law laid down in *Gabriel v. Borowy,* 326 Mass. 667.

Also of further importance to the plaintiff's right of recovery under count 1, is the fact that there is no allegation of any damage to the plaintiff as the result of the defendant's wrongful act, nor are there any allegations of facts from which damage may properly be inferred. Recovery can be had for tortious acts such as those alleged by the plaintiff in this count of his declaration, only where actual damage is shown. *Schwartz v. Brockton Savings Bank,* 318 Mass. 66. The plaintiff alleges merely, that as a result of wrongful acts of the defendant he was defaulted in a summary process proceeding and judgment was entered against him. The damage suffered by the plaintiff resulted, not from the default or entry of judgment, but from the misuse by the defendant of an execution for possession obtained thereafter. In spite of this fact, the plaintiff does not even allege that an execution ever issued.

Summarizing the foregoing, it is our opinion that count 1 of the plaintiff's declaration sets forth a cause of action for malicious prosecution and that the plaintiff cannot recover thereunder for the reason that the original proceeding did not terminate in his favor and also for the further reason that the plaintiff neither alleged nor proved any damage thereunder.

We turn now to the second and third counts

in the plaintiff's declaration which, are for trespass and conversion respectively. However, regardless of the exact nature of the alleged causes of action, neither count sets forth a cause of action for abuse of process and the plaintiff for this reason cannot recover under either of these counts.

He cannot recover under Count 2 for trespass for the reason that no trespass was committed, and he cannot recover under count 3 for conversion for the reason that there was no conversion. A qualified officer who enforces properly, and in accordance with the terms of the same, a valid execution issued by a court of competent jurisdiction, is not guilty of any illegal or tortious act.

Specifically an officer who, under the authority of a valid execution for possession, enters premises for the purpose of enforcing the execution and dispossesses the occupant thereof, is not a trespasser nor is he guilty of conversion, if he removes the property therein from the premises and causes them to be stored in a bonded warehouse as provided by law.

Contrary to the ruling of the trial court, the officer was not an agent of the defendant and there is no theory of law under which the defendant could be held liable as principal for any negligent or tortious act committed by the officer, if such an act had in fact been committed. The officer was no more an agent of the defendant, the judgment creditor, than an arresting officer is an agent

of the complainant in criminal proceedings.

A defendant's liability for abuse of process and malicious prosecution is a primary one and is not founded upon the theory of principal and agent. It results, not from the officer acting as his agent, but rather from his own misconduct in wrongfully instigating the proceedings. *Tangney v. Sullivan,* 163 Mass. 166; *Lopes v. Connolly,* 210 Mass. 487, 494.

The trial court found that the defendant used a "lawful process to accomplish an unlawful purpose". He used an execution to evict a tenant who at the time of eviction was occupying the premises under a tenancy to which the execution was not pertinent. The summary process proceeding was brought to evict the plaintiff who at the time was occupying the premises presumably as a tenant at sufferance. After the summary process proceeding was brought, a new tenancy, a tenancy at will, was created, to which the summary process proceedings then pending, were not pertinent. Obviously the defendant could not properly use an execution relating to the previous tenancy, for the purpose of evicting a tenant lawfully occupying the premises under another tenancy created after the summary process proceedings were commenced. In doing so, the defendant was clearly guilty of abuse of process. *White v. Apsley Rubber Co.,* 194 Mass. 97; *Reardon v. Sadd,* 262 Mass. 345; *Lorusso v. Bloom,* 321 Mass. 9.

However, since none of the counts

in the plaintiff's declaration set forth a cause of action for abuse of process, the defendant's fifth request for ruling should have been allowed and its denial was prejudicial error.

However, the plaintiff has a valid cause of action and his failure to recover is due solely to technical legal defects in pleading which may, in the discretion of the trial court, be cured by amendment. G. L. c. 231, §51.

The plaintiff, in all fairness, should be given an opportunity to move to amend his declaration by adding thereto, a count for abuse of process, and, if so amended, to have his damages assessed thereunder.

The following order is therefore to be entered:

"Findings for the plaintiff under Count 1, 2, and 3 of the plaintiff's declaration vacated, and case remanded to the Municipal Court of the Roxbury District for further proceedings consistent with this opinion."

Walter Olm of Boston, for the Plaintiff.
Steven Ladoulis of Boston, for the Defendant.