*Northern District*

## No. 8430

## HANCOCK
## MACHINE SHOP, INC., et al[1]
## v.
## BARRY C. VIGODA

Argued: April 29, 1976. Decided: June 16, 1976.

---

[1] The other plaintiff, Arthur Cabral, waived his claim in open court at the trial.

Case tried to *Newth, J.,* in the District Court of Southern Essex. Number: R-3053.

Present: Bacigalupo, Presiding Justice; Flynn, and Forte, J.J.

**Forte, J.** This action was entered in the District Court of Southern Essex, removed to the Superior Court, then transferred for trial back to the District Court.

There was more than ample evidence to support the trial justice's finding of facts that a Barry C. Vigoda while acting for and representing the plaintiff as its accountant did, while in control of the plaintiff's check book, issue fifteen checks to himself, totalling $19,075.00, and that he signed as maker the name Arthur Cabral (the plaintiff's vice-president and authorized to sign the corporate checks) to said checks without authorization; that in so doing, Barry C. Vigoda converted to his own use funds in the corporate checking account in the U. S. Trust Co. of Boston.

At the close of the evidence the defendant filed requests for rulings, all of which, except one, were denied.

The trial justice found for the plaintiff in the amount of $19,075.00, the sum total of the fifteen checks.

The report states the plaintiff did not introduce any answers to interrogatories signed by the defendant, did not introduce the writ or any notice to admit facts. Further that the defendant did not appear in the courtroom during the trial.

Lastly, the report states: "There was no evidence introduced to indicate that the Barry Vigoda referred to during the trial was the same Barry Vigoda who was the defendant in this case."

There was error.

For the disposition of this appeal, it is only necessary to discuss the denial of the defendant's first request for ruling, to wit: "The evidence requires a finding for the defendant."

A general denial makes it incumbent upon the plaintiff to prove every element of its case, *Albert-Hopkins Corp. v. Caputo*, 357 Mass. 765 (1970) which includes the identity of the defendant as the person against whom the plaintiff has a claim. *Herman v. Fine*, 314 Mass. 67 (1943).

"Although very slight evidence might have been enough, at least something more than identity of names is necessary." *Herman v. Fine*, ibid, p. 69. Mere similarity of names is not sufficient. *Hinds v. Bowen*, 268 Mass. 55 (1929).

Except for the similarity of names, the justice's report states "(t)here was no evidence introduced to indicate that the Barry Vigoda referred to during the trial was the same Barry Vigoda who was the defendant in this case."

In a similar situation, *Ryan v. DiPaolo*, 313 Mass. 492 (1943), pursuant to G.L.c. 231, §135 the Chief Justice of the Supreme Judicial Court requested the writ with the return of service upon the defendant be furnished and found thereon the name, address and place of service of the named defendant were the same name and address of the intended defendant, and therefore found there was more than bald identity of names. However, the Appellate Division does not have this authority to request papers be furnished. Only the report, the briefs and a copy of the docket entries are forwarded to the Appellate Division. Dist./Mun. Cts. R. Civ. P. Rule 64(f).

As to the issue argued concerning the discrepancy between the writ and declaration and the evidence introduced at the trial, it appears "the plaintiff has a valid cause of action and his failure to

recover is due solely to technical legal defects in pleading, which may, in the discretion of the trial court, be cured by amendment. G.L.c. 231, §51", *Smith v. Steeves,* 20 Mass. App. Dec. 171, 184 (1961). See Dist./Mun. Cts. R. Civ. P., Rule 15.

The finding for the plaintiff is vacated, and pursuant to G.L.c. 231, §110 as amended by St. 1973, c. 114, §198, and Dist./Mun. Cts. R. Civ. P. Rule 64(i), a new trial is ordered. *Saba v. Khouri,* 357 Mass. 783 (1970).