THOMAS WHITE *vs.* APSLEY RUBBER COMPANY.

Middlesex.    March 4, 1902. — May 20, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Abuse of Legal Process.*

An action will lie for maliciously procuring the arrest of the plaintiff on a criminal charge in order to compel him to abandon a claim of right of occupation of a certain house and actually to withdraw from its occupation, and it is no defence to such an action that the prosecution has not been terminated, although this would be a defence to an action for malicious prosecution.

TORT with two counts for malicious prosecution and two for abuse of criminal process. Writ dated April 4, 1898.

At the trial in the Superior Court before *Blodgett*, J., it appeared, that the plaintiff was in charge of a boarding house belonging to the president of the defendant and used for its employees, the furniture belonging to the defendant; that the defendant wished to remove the plaintiff and put in his place a family named Gray; and that the Grays took possession of the kitchen and proposed to make use of the cooking stove, whereupon the plaintiff took the stove covers and carried them to his own room, so that the stove could not be used. One Bailey, an agent of the defendant, procured a warrant for the plaintiff's arrest on the charge of wilfully and maliciously injuring personal property of the defendant, by the removal and concealment of the lids or covers of a certain cooking stove. The plaintiff was arrested by an officer who came with Bailey, and finally was released on agreeing to move out of the house. This he did, taking his family and belongings. On the order of the officer he brought back the stove covers, which were not injured. The warrant was never returned into court, and no further proceedings were had.

The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, which, after the resignation of *Blodgett*, J., were allowed by *Fessenden*, J.

*C. F. Choate, Jr.*, for the plaintiff.

*G. A. A. Pevey*, (*J. T. Joslin* with him,) for the defendant.

BARKER, J. It is conceded that criminal proceedings were begun against the plaintiff by a sworn complaint made to a trial justice charging that the plaintiff had wilfully and maliciously injured the personal property of the defendant, and that a warrant for the plaintiff's arrest was issued upon the complaint and placed in the hands of a police officer who then went to the house where the plaintiff was. The evidence tended to show that the plaintiff was arrested upon this warrant at the house and kept under arrest for some minutes during which he went with the officer to the defendant's office and then returned with him to the house and that he was not released from the arrest until he had abandoned a claim to the right to occupy the house and had left it finally taking away with himself and

his wife such goods of his own as were in the house when he was arrested.

The evidence also tended to show that the defendant caused the making of the complaint and the arrest, and made use of the arrest to compel the plaintiff against his will to abandon a claim to the right to occupy the house and to compel him actually to withdraw from its occupation. The warrant has never been returned and since it was issued there has been no judicial action upon the complaint. The fact that the prosecution has not been terminated bars any recovery upon the counts for malicious prosecution. *Cardival* v. *Smith,* 109 Mass. 158. *Wood* v. *Graves,* 144 Mass. 365, 366. See *Wilson* v. *Hale,* 178 Mass. 111. But that fact is not a defence to the counts for abuse of process. *Wood* v. *Graves, ubi supra.* A misuse of the warrant and the arrest to compel him to quit the house and relinquish his claim to the right to its occupancy would give him a right of action.

*Exceptions sustained.*