GEORGE T. LADD *vs.* JEFFREY POLIDORO & another.[1]

Berkshire. November 7, 1996. - February 4, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & MARSHALL, JJ.

*Practice, Civil,* Directed verdict, Attachment. *Abuse of Process. Evidence,* Relevancy and materiality.

There was no merit to plaintiffs' argument on appeal that the defendant did not adequately preserve its directed verdict issue for appellate review. [197-198]

A plaintiff may not be held liable for abuse of process for knowingly bringing a groundless action and obtaining an attachment that caused harm to the defendant unless there is proof that the action was brought for an ulterior purpose that an attachment was not designed to accomplish. [198-200]

CIVIL ACTION commenced in the Superior Court Department on December 7, 1992.

The case was tried before *John F. Moriarty,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Matthew P. Poppel* for the defendants.

*Richard A. Simons (William W. Simons* with him) for the plaintiff.

WILKINS, C.J. The central issue in this appeal, which is here on further appellate review, is whether a person may properly be held liable for abuse of process solely because he knowingly brought a groundless action and obtained an attachment of the defendants' property that caused harm to the defendants. The debate is whether liability may be imposed only if it is proved additionally that the action was brought for an ulterior purpose.

The Appeals Court concluded in a memorandum and order that proof of an ulterior purpose is required and reversed a judgment awarding damages for abuse of process. See 40

[1]Brian Homeyer.

Mass. App. Ct. 1115 (1996). We agree with the Appeals Court on this point and additionally agree with it on other issues raised in the cross appeals.

This action began when George Ladd filed a complaint alleging that Jeffrey Polidoro and Brian Homeyer owed him an accounting based on an oral partnership agreement to develop land in Great Barrington. Ladd obtained a $150,000 attachment on property of each. A jury found that Ladd had voluntarily withdrawn from the partnership, and judgment was entered against Ladd.

Polidoro and Homeyer had filed a counterclaim alleging malicious abuse of process based on Ladd's attachments. After deciding Ladd's claim against him, the jury took up the abuse of process claim.[2] The judge denied Ladd's motion for a directed verdict on the abuse of process claim. Although the judge concluded that the evidence did not warrant a finding that the defendant had any ulterior motive when he commenced the action, the judge denied the motion because, in his view, a claim of abuse of process can be made out when a person obtains an attachment to enforce a claim that he knows is groundless. In a special verdict, the jury found that Ladd's claim was baseless and that he knew it when he brought suit. The jury also found that the amount of each attachment was not excessive. The jury awarded $35,000 for damages caused by the attachments. Subsequently, the judge denied the defendant's motion for a judgment notwithstanding the verdict.

Both parties appealed. We granted the plaintiffs' application for further appellate review. Polidoro and Homeyer challenged the judge's denial of two motions. We agree with the Appeals Court that the trial judge did not abuse his discretion in denying (a) Polidoro and Homeyer's motion to amend their complaint or (b) their motion for sanctions against Ladd and his counsel. The only issue that we need discuss in any length is the question whether the evidence warranted submission of the abuse of process claim to the jury.

The plaintiffs argue first that the defendant did not adequately preserve the directed verdict issue for appellate review because he did not specify the absence of evidence of

---

[2]From time to time, for convenience, we shall refer to Ladd as the defendant, and Polidoro and Homeyer as the plaintiffs.

an ulterior motive as a reason in his written motion for a directed verdict. See Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974) ("A motion for a directed verdict shall state the specific grounds therefor"). The argument is meritless. The grounds need not be stated in a written motion. See J.W. Smith & H.B. Zobel, Rules Practice § 50.10 (1977); 9A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2533, at 313 (1995). The judge acknowledged that the issue had been before him when he denied the motion for a directed verdict. The subject had been raised at other points during the trial. The safer practice is to put the reasons for the motion in writing (*D'Annolfo* v. *Stoneham Hous. Auth.*, 375 Mass. 650, 655 n.5 [1978]), but a colloquy or other circumstances can fulfil the purpose of showing that the point was adequately brought to the judge's attention. See, under the analogous Federal rule, *Stewart* v. *Thigpen*, 730 F.2d 1002, 1006 n.2 (5th Cir. 1984); *Acosta* v. *Honda Motor Co.*, 717 F.2d 828, 832 (3d Cir. 1983).

"To constitute a cause of action for [abuse of process] it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Gabriel* v. *Borowy*, 324 Mass. 231, 236 (1949). See *Datacomm Interface, Inc.* v. *Computerworld, Inc.*, 396 Mass. 760, 775-776 (1986); *Beecy* v. *Pucciarelli*, 387 Mass. 589, 595-596 (1982); *Jones* v. *Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 389 (1975); *Powers* v. *Leno*, 24 Mass. App. Ct. 381, 383-384 (1987); Restatement (Second) of Torts § 682, at 474 (1977) ("One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process"); W.L. Prosser & W.P. Keeton, Torts § 121, at 899 (5th ed. 1984) ("The ulterior motive may be shown by showing a direct demand for collateral advantage; or it may be inferred from what is said or done about the process").

The plaintiffs appear to accept the principle that an ulterior motive is an essential element of the tort of abuse of process when the claim is based solely on commencement of an action. Where, however, an attachment is obtained in an action where the party seeking the attachment knows the claim is groundless, it is contended that proof of an ulterior motive is

not an essential element of the claim. This distinction has not been explicitly recognized in our opinions, and it is not recognized in treatises on the subject.

The plaintiffs rely on language in *Reardon* v. *Sadd*, 262 Mass. 345, 348 (1928), which the judge in the case before us thought justified submitting the abuse of process claim to the jury. "[T]he jury in the case at bar could find that the attachment and removal of [the plaintiff's property] was intentionally and wilfully done to enforce a claim which the defendant knew was groundless and was an abuse of legal process. *Wood* v. *Graves*, 144 Mass. 365 [1887]. *White* v. *Apsley Rubber Co.*, 181 Mass. 339 [1902]." *Reardon* v. *Sadd*, *supra* at 348. The *Reardon* case involved the attachment and removal of machinery to collect a debt (allegedly by interfering with the defendant's business) where the attaching claimant knew or should have known that the debt was that of a third person, not the owner of the machinery. Both the *Wood* and *White* cases, cited in the *Reardon* opinion, stated a requirement of proof of some ulterior purpose in obtaining process. See *Wood* v. *Graves*, *supra* at 369 (obtaining arrest and custody of plaintiff not enough to establish abuse of process; additional proof needed of "some separate pressure" to compel him to settle claim); *White* v. *Apsley Rubber Co.*, *supra* at 341 (criminal complaint obtained to compel plaintiff to abandon claim of right to occupy property is abuse of process). In *Beecy* v. *Pucciarelli*, 387 Mass. 589 (1982), we stated that the *Reardon* case, and other cases on which the plaintiffs rely, "involved an alleged or proven use of process for an ulterior purpose by the party using the process" (footnotes omitted). *Id.* at 596. The *Beecy* opinion treated this court's abuse of process opinions as a group, some concerned with property attachments and some not. A reasonable argument can be made that the *Beecy* opinion overstated the consistency with which this court has announced a requirement of proof of an ulterior motive (see *id.* at 596), but it cannot be doubted that our *Beecy* opinion proclaimed that an ulterior motive is an element of the tort of abuse of process in all instances.

Although evidence tending to show that the defendant knew the claim was groundless would be relevant on the issue whether the defendant made an attachment for an ulterior motive (*Fishman* v. *Brooks*, 396 Mass. 643, 652 [1986]), the fact that an attachment was made in connection with a

groundless claim does not alone constitute an abuse of process. There must also be proof of an ulterior motive.

The plaintiffs did not argue in their brief that there was evidence of an ulterior motive beyond the known groundlessness of the claim, which in this case we hold is insufficient to present a jury question. A different case would be presented if the claim had already been satisfied, if the attachment had been excessive, or if the attachment had been placed on the property of someone who never had had any dealings with the attaching claimant in order to pressure that person to satisfy a debt.

The plaintiffs do not argue that, even if our cases do not support their position, we should adopt a rule that an attachment made in an action known to be groundless is an abuse of process without further proof. Such a rule would subject many unsuccessful plaintiffs to the risk of abuse of process claims, perhaps expressed, as here, in the form of a counterclaim. Where success or failure depends on the credibility of contesting parties, a litigant should not be subjected to the risk that, if the jury reject his or her position, that same jury (or another one) will conclude that he or she knew from the beginning that the claim was groundless. We preserve a distinction between (a) knowingly maintaining a meritless action and obtaining an attachment and (b) knowingly maintaining a meritless action and obtaining an attachment in order to further a purpose that the attachment was not designed to accomplish. We grant that the discussion in our opinions has not been informatively consistent, but the rule of law we announce in this case is the one generally stated in our cases and elsewhere.

The same order that was entered in the Appeals Court shall be entered, including (a) reversal of the order denying Ladd's motion for a judgment notwithstanding the verdict on the counterclaim and (b) the direction that judgment be entered for Ladd on the counterclaim.

*So ordered.*