Donovan, J.
The plaintiffs, Maria A. Ronan and Virginia G. Ronan, filed this complaint against the defendants, Edward Kuvin and Aleksandra Kuvin. The complaint sets forth five counts: Count I — trespass by fence; Count II — trespass by cutting hedges; Count III — trespass: Count IV — run off of water; and Count V — trespass. The defendants have counterclaimed and set forth five counts as follows: Count I — abuse of process; Count II — intentional infliction of emotional distress; Count III — negligent infliction of emotional distress; Count IV — trespass; and Count V — violation of civil rights.
The trial was held without a jury and evidence was introduced through the witnesses and exhibits.
Based upon the testimony of the witnesses I deemed credible, the exhibits and the reasonable inferences drawn from all of the evidence I find the following facts.
The Ronans live at 32 Crosby Road in Newton. Their neighbors and abutters are the Kuvins who live at 36 Crosby Road. Both lots are improved with a house and detached garage. The Kuvins’ driveway and garage is located adjacent to the property line between the parties.
Prior to 1992, there was a hedge that ran along the property line. Over the course of many years, Ms. Ronan trimmed and pruned the hedge. However, at various times the Kuvins would trim that portion located on their side of the property line.
In July of 1992, the Kuvins installed a fence along the property line. When Ms. Ronan returned from vacation and saw the fence, she attempted to plant flowers adjacent to it. However, at the footing of the supporting post, she found rocks and cement encroaching on her land which interfered with her planting of the flowers. Additionally, the run off water from the Kuvins’ driveway seeped onto the rear of the Ronans’ property adjacent to the Kuvins’ garage.
The Kuvins took steps to remedy the problems. First they removed the stone and the cement apron from around the post. They installed a storm drain on their property between the garage and the Ronans’ property. This installation appears to have solved the problem of run-off water. In fact, the plaintiffs have not observed any run-off water since the fall of 1995. The Kuvins reversed the privacy fence so that the smooth side which is the nicer looking side faces the Ronans. Even before the Kuvins changed the face of the fence, a photograph shows a lovely arrangement of impatiens on the Ronans’ side of the fence which cascade around the post.
Both parties engaged land surveyors to establish the properly line. There currently are seven footings for posts along the fence which impinge upon the Ronans’ property. The scope of encroachment is from .02 inches to a maximum of .63 inches. The footings are identified on Exhibit 11. Presently the Ronans claim that the fence is not encroaching except for the footing and post which is leaning onto their property. To the extent that the footings encroach as previously stated this I find may have been caused by Ms. Ronan herself when she removed string which had been placed along the surveyor’s mark prior to the construction of the fence.
In order to resolve the dispute of the division line between the properties, I have ordered that the Newton *16 fence viewer inspect the existing fences including that portion of the fence constructed by the Ronans to the rear of their property which the defendants claim is encroaching on their property. The fence viewer is ordered to report back to the Court in writing regarding his findings.
Much time has elapsed since the order issued to the fence viewer. Finally I was able to obtain a response from him in which he explained the delay was due to an extended vacation. His function is delineated by G.L.c. 49, §14. The fence viewer claims his role is not to resolve conflicts between neighbors and declined to act. Therefore the case will be decided without the fence viewer designating a line on which the fence should have been constructed. G.L.c. 49, §14.[1]
II
The Restatement, Second, Torts §158 provides that:
One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
(a) enters land in the possession of the other, or causes a thing or a third person to do so, or
(b) remains on the land, or
(c) fails to remove from the land a thing which he is under a duty to remove.
A trespasser is one who enters or remains on the land of another without a privilege to be there. Gage v. Westfield, 26 Mass.App.Ct. 681, 695, n.8 (1988). To recover against a trespasser there need not be proof of damages. Restatement, Second, Torts §163. The owner or possessor is entitled to vindicate her rights for exclusive possession. Metropoulos v. MacPherson, 241 Mass. 491, 503 (1922).
In this case the defendants in an effort to construct the fence along the property line had a surveyor set out a string to mark the line. The defendants then caused holes to be dug for the footings for the posts. The width of the footing extends as previously noted over the property line and onto the plaintiffs’ land. The fence itself sits on the line but the supports encroach causing an intrusion. The fact that the defendants acted honestly and in good faith, only to discover that they were mistaken does not relieve them of having committed a trespass. They intentionally and knowingly did the final act which itself constituted a trespass. United Electric Light Co. v. Deliso Construction Co., 315 Mass. 313, 318 (1943). They installed the footings which was the final act culminating in a trespass on the plaintiffs’ land.
The plaintiffs are entitled to injunctive relief. Therefore judgment shall enter ordering the defendants to remove the footings which encroach on the plaintiffs’ land. I do not find that the misplaced footings created any injury requiring an award of monetary damages.
The claim that the defendants trespassed by cutting the hedges on their properly does not constitute a viable tort. First, the property line as alluded to above is without width. Therefore, any shrub which was planted along the boundary line will eventually grow over the imaginary property line. The pruning of the shrubs by the Kuvins does not amount to a trespass as defined above. The remaining counts for trespass shall be dismissed with prejudice.
Finally the Ronans claim injury because of the run-off water from the Kuvins’ driveway. As previously noted the problem has been resolved by the installation of a catch basin at the low point of the Kuvins’ driveway. The run-off water which did infiltrate the Ronans’ rear yard did not create any permanent damage. However, there was a loss of enjoyment of the yard as the result of heavy rains. It is difficult to establish a monetary value for such deprivation. However, I shall find for the plaintiffs in the amount of One Hundred Dollars ($100.00).
Ill
The Kuvins counterclaimed with five separate counts. First, they allege abuse of process. The Restatement, Second, Torts §682 provides that “one who uses a legal process . . . against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process.” As the Supreme Judicial Court has stated “to constitute a cause of action for [abuse of process] it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the process employed." Ladd v. Polidoro, 424 Mass. 196, 198 (1997); quoting Gabriel v. Borowy, 324 Mass. 231, 236 (1949). The fact that the Ronans may not like their next-door neighbor is insufficient to conclude that this case was filed for something other than to redress the trespass. The claim for abuse of process is dismissed.
Counts II and III allege intentional and negligent infliction of emotional distress, respectively. There are four elements necessary to prove the tort of intentional infliction of emotional distress: (1) the perpetrator intended to inflict emotional distress or knew or should have known it would likely occur from the conduct; (2) the conduct was extreme, outrageous and beyond all possible bounds of decency in a civilized society; (3) the actions of the perpetrator caused the distress; and (4) the emotional distress was so severe that no reasonable person could be expected to endure it. The only evidence introduced pertained to Edward Kuvin’s disabilities. However, there was no causal link to the activities of the Ronans such that a reasonable person could find the above noted four elements.
Negligent infliction of emotional distress requires, inter alia, evidence of physical harm manifested by objective symptomatology. Payton v. Abbott Labs, 386 Mass. 540, 557 (1982). No credible medical evidence was submitted to support their contention of negligent infliction of emotional distress.
*17 The last two counts allege trespass and violation of civil rights. I do not find that the fence constructed by the Ronans at the rear of their property near the Kuvins’ garage encroaches on their neighbors’ land. I do not accept as a credible the testimony regarding a violation of civil rights.
ORDER
Judgment shall enter ordering the defendants, Edward Kuvin and Aleksandra Kuvin, to remove the footings encroaching on the plaintiffs’ property. They shall be removed on or before June 1, 1997. The defendants shall also pay to the plaintiffs the sum of One Hundred Dollars ($100.00). All the remaining claims of the plaintiffs and the counterclaims of the defendants shall be dismissed with prejudice.

 The statute provides that when there is a dispute as to the location of the division line between lands or abutters, the fence viewer may designate a line on which the fence shall be built.