van Gestel, J.
This matter is before the Court on a special motion to dismiss, pursuant to G.L.c. 231, Sec. 59H, seeking the dismissal of the defendants’ counterclaims charging abuse of process. For the reasons identified below, the motion is ALLOWED.
BACKGROUND
The plaintiffs’ complaint seeks relief for the claimed failure of the defendants as employers to pay plaintiffs in accordance with certain provisions of Massachusetts wage and hours laws. In their complaint, the plaintiffs, on their own behalf and on behalf of employees similarly situated, charge that the defendants failed to pay their employees the full amount of the prevailing wage rate established by the Department of Labor and Industries for work performed on public construction projects. In particular, it is claimed that the defendants did not pay the benefits portion of the rate for overtime hours of work. The complaint also charges that the plaintiffs, because of other practices by the defendants, were caused to receive less than the full amount of the prevailing wage rates due them under the law.
*29 Included in the defendants’ response to the complaint are counterclaims alleging abuse of process. The defendants assert that the plaintiffs have an ulterior purpose or motive in seeking the relief set out in their complaint. The ulterior purpose or motive charged relates to the defendants’ allegations that the complaint was really filed to gain leverage for Local 4, a labor union the defendants accuse of trying to organize workers at the defendant Roads Corporation, a nonunion contractor.
After briefing and oral argument on the plaintiffs’ motion, the Attorney General submitted an amicus memorandum in support of the motion.[1] In his statement of interest as an amicus, the Attorney General points out that he is entrusted with the criminal enforcement of the prevailing wage law, G.L.c. 149, Secs. 26 et seq.; the nonpayment of wage law, G.L.c. 149, Sec. 148; and the overtime law, G.L.c. 151, Secs. 1A and IB. These are the statutes placed in controversy by the plaintiffs’ complaint. The Attorney General, therefore, asserts “an interest in ensuring citizens’ unfettered right to pursue their claims based on violations of these laws.” He further suggests that the “defendants’ abuse of process counterclaim[s] ha[ve] the effect of chilling the current and future employees’ valid exercise of their constitutional right to petition for the redress of grievances.”
The Attorney General posits a public interest component in the resolution of the plaintiffs’ claims, suggesting that it will produce “aid to future litigants and provide for more effective enforcement of the labor laws.”
DISCUSSION
“In making its determination, the Court [has considered] the pleadings and supporting and opposing affidavits stating the facts upon which the liability is based.” G.L.c. 231, Sec. 59H.
The anti-SLAPP statute has only recently been studied by the Supreme Judicial Court. See Duracraft Corporation v. Holmes Products Corporation, 427 Mass. 156 (1998). As a reading of Duracraft will demonstrate, the high court was not enthralled with the statute and struggled to interpret it in a way that combined the Legislature’s intentions with constitutional mandates. This Court will take its guidance from that opinion.
The typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects. SLAPP suits have been characterized as “generally meritless suits brought by large private interests to deter common citizens from exercising their political rights or to punish them for doing so.” Wilcox v. Superior Court, 27 Cal. App. 4th 809, 816-17 (1994), citing Pring, SLAPPS: Strategic Lawsuits against Public Participation, 7 Pace Envtl. L. Rev. 3, 5-6, 9 (1989). The objective of SLAPP suits is not to win them, but to use litigation to intimidate opponents’ exercise of rights of petitioning and speech.
Id. at 161.
The SJC noted, with apparent approval, four SLAPP suit criteria: “(1) a civil complaint or counterclaim (for monetary damages or injunction); (2) filed against nongovernmental individuals or groups; (3) because of their communications to a government body, official, or the electorate; and (4) on an issue of some public interest or concern.” Id. at 162. The defendants’ counterclaims for abuse of process fit squarely within these four criteria.
The anti-SLAPP statute provides within it means to determine whether a special motion to dismiss can succeed. The SJC described the first prong of that test, id. at 165, as follows:
The focus of the statutory test, is not on the [defendants’ counterclaims], but rather on the petitioning activity that the special movant asserts bars the [defendants’ counterclaims]: unless the [defendants] can show that the special movant’s petitioning activity is “devoid of any reasonable factual support or any arguable basis in law,” the statute directs that the [defendants’ counterclaims] be dismissed. The Massachusetts statute makes no provision for a [defendant] to show that its own [counterclaims] are not frivolous.
Later in its opinion in Duracraft the SJC expanded upon the testing process. It said, id. at 167-68:
Because the Legislature intended to immunize parties from claims “based on” their petitioning activities, we adopt a construction of “based on” that would exclude motions brought against meritorious claims with a substantial basis other than or in addition to the petitioning activities implicated. The special movant who “asserts” protections for its petitioning activities would have to make a threshold showing through the pleadings and affidavits that the claims against it are “based on” the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities. Once the special movant so demonstrates, the burden shifts to the nonmoving party as provided in the anti-SLAPP statute.
Here, the Court’s examination of the complaint and supporting affidavits makes it eminently clear that there is reasonable factual support and an arguable basis in law for the plaintiffs’ claims. Further, the petitioning activity is the filing of the complaint. It is that act that the defendants charge is an abuse of process. Thus, the plaintiffs’ have made the threshold showing required by the first prong of the anti-SLAPP statute.[2]
The defendants argue that their abuse of process counterclaims do not challenge the plaintiffs’ petitioning activity as such, but rather are based upon the claimed ulterior purpose “believed by the Defendants *30 to be, among other things, Plaintiffs’ attempts to curry favor with Local 4, and assist Local 4 in leveraging its collective bargaining position by injuring the Defendants’ relations with their employees and to assist Local 4 in its organizing attempts, undermining customer relations and to retaliate against Roads for its abrupt sale of its paving division." Defendants’ opposition at p. 10.
“To constitute a cause of action for [abuse of process] it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.” Ladd v. Polidoro, 424 Mass. 196, 198 (1997). Without attempting to assess the merits of the defendants’ counterclaims, it cannot be said, on the record before the Court, that the process used by the plaintiffs — a civil complaint — was used for a purpose for which it was not designed or intended. The plaintiffs, in their complaint, ask for the kinds of relief provided by the wage laws of Massachusetts by a means specifically authorized by statute — civil enforcement by the very private parties that the laws were designed to protect. See G.L.c. 151, Sec. IB.
The defendants have not satisfied their burden of showing that the plaintiffs’ petitioning activity is devoid of any reasonable basis in fact or law. Nor have they shown an independent “substantial basis other than or in addition to” the plaintiffs’ petitioning activities as a basis for their counterclaims. The counterclaims are “based on” the petitioning activities and nothing else.
For the reasons noted above, the plaintiffs’ special motion to dismiss the defendants’ abuse of process counterclaims is ALLOWED.

he statute, G.L.c. 231, Sec. 59H, authorizes the Attorney-General to “intervene to defend or otherwise support” a party who has moved to specially dismiss a claim.

The defendants seem to agree on this point. See p. 10 of their opposition to the motion, wherein they state: “While Plaintiffs’ suit to vindicate wage claims is concededly petitioning activity under Duracraft. . .”