Velis, J.
The plaintiff, Donna Duval (Duval), as executrix on behalf of the estate of Louise B. Arey (Arey), brought this action for abuse of process and a violation of G.L.c. 93A, § 11 (the Massachusetts Consumer Protection Statute), against the defendant, John Hallisey (Hallisey). Hallisey now moves to dismiss these claims pursuant to Mass.R.Civ.P. 12(b)(6) and G.L.c. 231, §59H, the Massachusetts Anti-Strategic Litigation Against Public Participation (Anti-SLAPP) statute. For the following reasons, Hallisey’s motion pursuant to Mass.R.Civ. 12(b)(6) is allowed and his motion pursuant to G.L.c. 231, §59H is denied.

BACKGROUND

Duval is the executrix of the estate of Arey and is also Arey’s niece. Hallisey performed legal services for Arey for twenty-seven years. Arey appeared to have an interest in land in Wellfleet. In 1986, Hallisey and Arey signed a contingent fee agreement which entitled Hallisey to a V3 contingent fee when and if Hallisey registers the land in a Land Court registration proceeding. The proceeding is still pending. In 1992, *573 Arey deeded this land to herself and Duval as joint tenants with rights of survivorship. In 1998, Hallisey and Duval signed a contingent fee agreement identical to the one signed in 1986. In April 2001, Arey died.
On January 9, 2002, Hallisey filed a notice of Attorneys Lien in Land Court. Duval filed an opposition to the lien and the matter is still pending. In April 2002, Hallisey filed a Claim of Creditor in Probate Court, pursuant to G.L.c. 197, §13, requesting that the court order Duval to retain assets sufficient to compensate him under the terms of the contingent fee agreement. Duval moved to strike Hallisey’s claim on the ground that because the property in question passed to Duval upon Arey’s death, it was not an asset of Arey’s estate. This motion was allowed. Subsequently, Duval brought this action against Hallisey alleging that his claim constituted an abuse of process.

A. Mass.R.Civ.P. 12(b)(6) Motion to Dismiss

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiffs favor. Fairneny v. Savogran, Co., 422 Mass. 469, 470 (1996).
1. Abuse of Process Claim
In order for an abuse of process claim to survive a 12(b)(6) motion, the plaintiff must allege facts which are sufficient to support the propositions that: (1) process was used; (2) for an ulterior or illegitimate purpose; and (3) the process resulted in damage to the plaintiff. Jones v. Brockton Pub. Markets, Inc., 369 Mass. 387, 389 (1975). Duval has failed to allege facts supporting the proposition that Hallisey filed a Claim of Creditor for an ulterior or illegitimate purpose beyond the known groundlessness of the claim. In a similar case involving a defendant who obtained an attachment of the plaintiffs property based on a groundless claim, the Supreme Judicial Court affirmed a reversal of a judgment awarding damages to the plaintiff for abuse of process and stated:
We preserve a distinction between (a) knowingly maintaining a meritless action and obtaining an attachment and (b) knowingly maintaining a merit-less action and obtaining an attachment in order to further a purpose that the attachment was not designed to accomplish.
Ladd v. Polidoro, 424 Mass. 196, 197, 200 (1997).
Like the defendant in Ladd, Duval has failed to allege any facts to support the proposition that Hallisey filed a Claim of Creditor for any other reason than just to ensure he would receive his contingent fee. Hallisey’s alleged knowledge that his claim is meritless is insufficient. See id. at 199-200. Thus, dismissal of the claim is appropriate. See Jones, 369 Mass, at 391 (granting motion to dismiss abuse of process claim pursuant to Mass.R.Civ.P. 12(b)(6) since the plaintiff failed to allege any ulterior motive).
2. 93A Claim
Duval’s allegation that Hallisey violated G.L.c. 93A, §11, also must fail. As discussed above, the complaint lacks any allegation that Hallisey had some ulterior motive in filing his claim. In addition, the complaint fails to allege that the plaintiff or Arey is or was engaged in a trade or business with Hallisey within the meaning of §11. See G.L.c. 93A, §11.

B. G.L.c. 231, §59H, Special Motion

Hallisey also moves for a special motion to dismiss pursuant to the Massachusetts Anti-SLAPP statute. Under the statute, a defendant who asserts that a claim against him is based on his exercise of his constitutional right to petition may file a special motion to dismiss within sixty days alter being served with the complaint. G.L.c. 231, §59H. Despite Duval’s assertions to the contrary, the Anti-SLAPP statute does apply to private disputes. See Duracraft Corp. v. Holmes Products Corp., 42 Mass.App.Ct. 572, 576 (1997).
A plaintiff making a special motion to dismiss under the Anti-SLAPP statute “must make a threshold showing through the pleadings and affidavits that the claims against [him] are based on [his] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” Vittands v. Sudduth, 49 Mass.App.Ct. 401, 414 (2001). Once the plaintiff has made this showing, the burden shifts to the nonmoving party to show that (1) the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law, and (2) the moving party’s acts caused actual injury to the responding party. Id.
Hallisey has met his burden as the pleadings clearly show that Duval brought the abuse of process claim in response to Hallisey filing a creditor claim in probate court. Duval has also met her burden. Hallisey’s creditor claim had no reasonable factual support or any arguable basis in the law because his claim was based on a contract with a contingency that had not yet occurred and could not occur after Arey’s death since the property passed to Duval. Furthermore, Hallisey’s claim caused injuiy to Duval by resulting in unnecessary costs of defending the claim and by disrupting the distribution of the estate.

ORDER

For the foregoing reasons, it is hereby ORDERED that (1) the defendant’s motion to dismiss the plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(6) is ALLOWED and (2) the defendant’s motion to dismiss the plaintiffs complaint pursuant to G.L.c. 231, §59H, is DENIED.