Curran, Dennis J., J.
The plaintiff Yuderca Marte moves to dismiss the counterclaims of defendants Alexei Kataendo, d/b/a Autotrans Katayenko and/or Ambros Auto, and REM Transportation Services, LLC in accordance with Iannacchio v. Ford Motor Co., 451 Mass. 623 (2008). Autotrans counterclaimed for abuse of process (Count I). Ambros[2] and REM counterclaimed for intentional interference with business relations (Count II) and intentional interference with contractual relations (Count El).
BACKGROUND
Kataenko, through various incorporated and unincorporated entities, is in the business of providing transportation services to individuals with disabilities. To this end, he, and/or his entities, had contracts with a number of clients to provide transportation services. Kataenko and/or his entities employed Marte as a driver. As part of her duties, Ms. Marte used a vehicle provided by the defendants. In August 2011, she informed one of the defendants’ clients that she had safety concerns about the defendants’ vehicle.
As a result of Marte’s actions, the client ended its contractual relationship with the defendants.
Ms. Marte was terminated from her employment shortly thereafter.
She brought the current lawsuit aUeging, along with other causes of action, wrongful termination and retaliation. Autotrans alleges that aE of Marte’s claims are whoEy insubstantial, frivolous, and not advanced in good faith. It states that Marte knew or should have known that there was no relationship between Marte and Autotrans. It aEeges the complaint was brought for “an ulterior or Elegitimate purpose, to wit: to harass Autotrans, drive up its legal costs, and coerce Au-totrans into paying over to [Ms.] Marte monies to which [she] is not legaEy or equitably entitled.” Answer and Counterclaim at ¶68 (emphasis in original).
DISCUSSION
I. STANDARD
To survive a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), a complaint must set forth the grounds of the plaintiffs entitlement to refief with more than mere “labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), citing BellAtl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual afiegations in the complaint need not be detailed, however, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that aE the allegations in the complaint are true ...” Id. At the pleading stage, Mass.R.Civ.R 12(b)(6) requires factual “ ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief’ to show that the complaint “possesses enough heft to ‘sho[w] that the pleader is entitled to relief.’ ” Id., quoting Twombly, 550 U.S. at 557.
II. ABUSE OF PROCESS
To state a claim for abuse of process a party must afiege sufficient facts to show that “ ‘process’ was used, for an ulterior or illegitimate purpose, resulting in damage.” See Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636 (2010). The process must have been used “to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.” Id., quoting Quaranto v. Silverman, 345 Mass. 423, 426 (1963). “More specificafiy, abuse of process has been described as a ‘form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money.’ ” Fabre v. Walton, 436 Mass. 517, 519 n.3 (2002), quoting Vittands v. Sudduth, 49 Mass.App.Ct. 401, 406 (2000). “[T]he ulterior purpose element is not satisfied merely by a showing that a person commenced litigation knowing it was groundless.” Psy-Ed Corp. v. Klein, 459 Mass. 697, 713 (2011).
It appears that the defendant Autotrans’s theory behind its counterclaim for abuse of process is that Ms. Marte filed a groundless lawsuit in “a cheap attempt at financial gain.” See Defendants’ Memorandum of Law in Support of Their Opposition to Plaintiff s Motion to Dismiss Defendants’ Counterclaims.
*600 Here, Autotrans’s allegations suggest nothing more than that Ms. Marte knowingly filed a losing lawsuit in the hopes of achieving a favorable verdict or settlement. These allegations do not constitute an ulterior purpose in the context of an abuse of process claim. See Silvia v. Building Inspector of West Bridgewater, 35 Mass.App.Ct. 451, 453 (1993) (“Abuse of process presupposes the use of legal action for an ulterior purpose, i.e., to achieve some end other than the apparent end. of the litigation process which has been launched”); see also Ladd v. Marcella, 424 Mass. 196, 198-200 (1997) (finding that plaintiff could not establish an abuse of process claim based on an attachment of property, even if the action was groundless, absent allegations of an ulterior motive). Because Autotrans has failed to allege that Marte had an ulterior motive other than the “apparent end of the litigation process, ” Count I of the counterclaim for abuse of process must be dismissed for failure to state a claim. See Silvia 35 Mass.App.Ct. at 453.
IE. INTERFERENCE WITH BUSINESS/CONTRACTUAL RELATIONS
In actions for intentional interference with business/contractual relations, the plaintiff must afiege (1) the existence of a business relationship or contract with a third party, (2) the defendant knowingly induced the third party to break that relationship or contract, (3) “the defendant’s interference, in addition to being intentional, was improper in motive or means,” and (4) damages. See Swanset Dev. Corp. v. Taunton, 423 Mass. 390, 397 (1996); G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991); Cavicchi v. Koski, 67 Mass.App.Ct. 654, 657-58 (2006) (“improper conduct ‘may include ulterior motive (e.g, wishing to do injury) or wrongful means (e.g., deceit or economic coercion)’ ”).
Ambros and REM allege that Ms. Marte informed a client that the defendants’ vehicles were unsafe, and as a result, the defendants lost business. While Ambros and REM allege that they were harmed by Marte’s conduct, there are no factual allegations to support the inference that Marte had an improper motive or utilized improper means. See Cavicchi, 67 Mass.App.Ct. at 658 (stating improper motive or means include “violation of a statute or common-law precept, e.g, by means of threats, misrepresentation, or defamation” or “evidence of retaliation or ill will toward the plaintiff’). There are also no facts to suggest that Marte knowingly or intentionally induced the client to end its contractual relationship with the defendants. Therefore, Counts II and III of the defendants’ counterclaims must be dismissed.
ORDER
For these reasons, Ms. Marte’s motion to dismiss the defendants’ counterclaims is ALLOWED.

Ambros was incorporated after Marte filed suit. As such, Ambros as a separate corporate entity was not named as a defendant. Nevertheless, Ambros the corporate entity has asserted counterclaims against Marte.