NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1175

DAVID LADD[1]

vs.

ALINA BOSCH; RALPH V. LADD,[2] third-party defendant.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After an eight-day Superior Court jury trial, the

defendant, Alina Bosch (Bosch), appeals from judgments holding

her liable for abuse of process and dismissing her claims under

the New Hampshire consumer protection act (CPA), N.H. Rev. Stat.

Ann. § 358-A (2015), and from postjudgment orders denying

relief.  This case arose from Bosch's renovation of a farmhouse

she owned in Dunbarton, New Hampshire (farmhouse).  Bosch hired

the plaintiff, David Ladd (David), doing business as Ladd

_____

        [1] Doing business as Ladd Property Development.

        [2] Doing business as Ladd Plumbing and Heating.

Property Development, to do the renovation.[3]  After Bosch terminated his services, David brought this action for breach of contract, unjust enrichment, and conversion, claiming that Bosch owed him payment for his work.  Bosch brought counterclaims in contract and tort and for violations of the CPA -- not only against David, but also, as third-party claims, against David's father, Ralph V. Ladd (Ralph), doing business as Ladd Plumbing and Heating.  Ralph counterclaimed against Bosch for abuse of process, and the jury returned a verdict in Ralph's favor.  On the CPA claims, the judge found that, despite jury verdicts against David for misrepresentation, negligence, and gross negligence, Bosch did not prove that either David or Ralph violated the CPA.

Bosch appeals, arguing that the judge erred by (1) denying her motions for a directed verdict and judgment notwithstanding the verdict (judgment n.o.v.) on Ralph's abuse of process counterclaim; (2) ruling to admit evidence of Ralph's legal costs and his medical condition; (3) denying Bosch's motion to reduce the jury's damages award; and (4) finding that Bosch did not prove that David violated the CPA.  We affirm.

---

[3] Because the same surname is shared by plaintiff David Ladd, third-party defendant Ralph V. Ladd, and witness Caroline Ladd, we refer to them by their first names to avoid confusion.

Background.  Bosch hired David and his construction business to renovate the farmhouse.  They did not have a written contract; rather, Bosch would communicate what work she wanted performed, and David would provide an estimated cost.  The scope of work on the farmhouse grew substantially, and David tried to handle it by himself with workers from his business when he should have obtained additional expertise, particularly from a structural engineer.

Ralph and his plumbing business had no involvement in the renovation of the farmhouse.  Bosch never asked Ralph to do any work on the farmhouse, never paid him for any work on the farmhouse, and never saw him there.  Ralph had no management or control over David's business or its projects.

On November 5, 2016, Bosch terminated David's services.  On November 30, David sent Bosch a final invoice, which Bosch did not pay.  As mentioned above, David sued Bosch for unpaid work.  Bosch brought counterclaims against David and third-party claims against Ralph for breach of contract, breach of the implied covenant of good faith and fair dealing, misrepresentation, negligence, gross negligence, and violations of the CPA.  Ralph counterclaimed against Bosch for abuse of process.

The jury returned a verdict in favor of Ralph on his abuse of process claim, awarding him $232,715 in damages.[4]  Judgment on the counterclaim entered, and Bosch appealed.  Bosch filed various posttrial motions, including for judgment n.o.v., remittitur of damages, and for a new trial.  The judge denied the motions, and Bosch appealed.

Before trial, the judge had reserved to his own decision Bosch's claims that David and Ralph had violated the CPA.  The judge found that Bosch had not proven those claims.  Judgment on Bosch's CPA claims entered, and Bosch appealed.  Bosch's consolidated appeals from these judgments are now before us.

Discussion.  1.  Abuse of process.  Bosch argues that the judge erred in denying her motions for a directed verdict and for judgment n.o.v. on Ralph's abuse of process counterclaim.  Bosch contends that Ralph did not prove that she had an ulterior

---

[4] The judge directed verdicts in favor of Ralph on Bosch's claims for breach of contract and misrepresentation.  The jury returned a verdict in favor of Ralph on Bosch's claims for negligence and gross negligence.  No issue is before us as to those claims.

The jury returned a verdict in favor of Bosch on David's breach of contract claim as well as on her misrepresentation, negligence, and gross negligence counterclaims against David, awarding her $40,950 in damages.  David did not appeal, and has not participated in this appeal.

4

or illegitimate motive or purpose in bringing her third-party claims against Ralph.  We are not persuaded.

As the judge instructed the jury, to prove abuse of process, Ralph was required to show by a preponderance of the evidence that Bosch (1) used legal process; (2) for an ulterior or illegitimate purpose; that (3) resulted in damages to Ralph. See Psy-Ed Corp. v. Klein, 459 Mass. 697, 713 (2011), citing Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636 (2010); Powers v. Leno, 24 Mass. App. Ct. 381, 383-384 (1987). As to the ulterior or illegitimate purpose, the judge instructed:

> "The ulterior purpose must be to gain some collateral advantage not properly involved in this proceeding itself, such as the surrender of property or the payment of money. The desire to litigate a dispute by itself does not translate into an ulterior purpose for bringing the action even if you determine that [Bosch]'s claims against Ralph were groundless."

That instruction paraphrased governing cases on this element, including Psy-Ed Corp., supra at 713-714 & n.35, and Ladd v. Polidoro, 424 Mass. 196, 199-200 (1997).

In denying the postjudgment motions, the judge concluded that "the jury was . . . justified in its determination that Bosch's third party claim[s] against Ralph served the ulterior and illegitimate purpose in providing leverage in the case that

5

David had commenced."[5]  We agree.  See Millennium Equity Holdings, LLC, 456 Mass. at 640 (ulterior purpose of lawsuit was to disqualify defendant from representing plaintiff's wife in divorce).

As mentioned, see note 4, supra, all of Bosch's third-party claims against Ralph resulted in directed verdicts and jury verdicts in Ralph's favor.  In denying the motion for judgment n.o.v. on the abuse of process counterclaim, the judge found that the "absence of Ralph's connection to the N.H. work became very clear at trial."  The fact that Bosch's claims against Ralph were groundless tended to show that she had an ulterior motive in bringing them.  "Filing a groundless claim is not an element of the tort, but it is relevant, because it may tend[] to show that the process was used for an ulterior purpose" (quotation and citation omitted).  Psy-Ed Corp., 459 Mass. at 713.

Before the trial judge, Bosch contended that because she brought the third-party claims against Ralph in the proceeding

---

[5] At trial, Ralph argued that Bosch also had two other ulterior motives:  to make David and Ralph the "scapegoats" for her own mismanagement of the farmhouse renovation so that she could obtain funds from her father, and as "revenge" for David's lawsuit.  We need not consider those theories, because we agree with the judge that the jury could have found that Bosch's ulterior motive was to gain leverage in David's breach of contract action.

6

that David had initiated, those claims were not collateral within the meaning of Psy-Ed Corp., 459 Mass. at 713-714, which requires that "the ulterior purpose must be to gain some collateral advantage."  The judge disagreed, pointing out that Bosch's argument would mean that "a third-party complaint could never qualify as abuse of process."  We concur.  In Psy-Ed Corp., the Supreme Judicial Court stated, "[w]e do not suggest that the claim must be collateral to the proceeding, but only that it be collateral to the legitimate purposes of the proceeding."  Id. at 714 n.36.

Bosch argues that the judge's instruction on ulterior motive was "erroneous," and the jury's "confusion" about the instruction was shown by their question during deliberations.[6] Bosch did not object at trial to either the instruction or the response to the jury question, and thus she waived the issue.[7]

---

[6] The jury asked, "If the preponderance of the evidence shows that [Bosch] had little or no evidence connecting Ralph to David's business, does that in itself prove an ulterior or illegitimate motive, re:  abuse of process?"

[7] Because the trial judge was unavailable, a different judge handled the jury question.  The transcript reflects that Bosch's counsel provided that judge with an electronic document containing the trial judge's abuse of process instruction, and the substitute judge used it to craft a typewritten response, which was provided to the jury and marked for identification. Bosch has not provided us with a copy of that exhibit.  As appellant, it was her duty to do so.  See Mass. R. A. P. 18 (a) (1) (A) (v), as appearing in 481 Mass. 1637 (2019).

7

See Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974).  See also Greene v. Philip Morris USA Inc., 491 Mass. 866, 877-878 (2023).

2. Evidentiary rulings.  "We review a trial judge's evidentiary decisions under an abuse of discretion standard." N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  See Nyberg v. Wheltle, 101 Mass. App. Ct. 639, 648 (2022).

a. Testimony about legal costs incurred by Ralph.  Bosch argues that the judge erred in admitting the testimony of Ralph's bookkeeper, Caroline Ladd (Caroline), about the amount of the legal costs Ralph incurred in defending against Bosch's third-party claims.  Bosch contends that Caroline's testimony was hearsay and violated the best evidence rule.

In a trial for abuse of process, damages include "the costs of defending against the improper action." Millennium Equity Holdings, LLC, 456 Mass. at 645.  "As such, fees for defending such a lawsuit are considered compensatory damages, not

8

attorney's fees."  Id., citing American Velodur Metal, Inc. v. Schinabeck, 20 Mass. App. Ct. 460, 470 (1985).

As of trial, Bosch's third-party claims against Ralph had been pending for more than six years.  Caroline, who had been the bookkeeper for Ralph's business for about sixty-two years, testified that throughout the case she communicated with Ralph's counsel "[a]ll the time" and reviewed "thousands of pages" of documents.  Asked how much Ralph had incurred in legal costs in defending against Bosch's third-party claims, Caroline testified, without objection, "approximately 235,000 dollars." Ralph's counsel then showed Caroline a document and asked her for the specific amount; over Bosch's objection, Caroline testified that, as of May 28, 2023, it was $232,715.  On Bosch's objection, the judge precluded Ralph from introducing the document into evidence because of its late disclosure.[8]

We conclude that Caroline's testimony about the amount of legal costs incurred by Ralph was not hearsay.  See DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 105-106 (1983) (where documents evidencing legal costs were generated while action was

---

[8] The document was not marked for identification.  Bosch has included in the record appendix an invoice from Ralph's counsel that seems to be the document that Ralph's counsel showed Caroline; it states, "TOTAL[] AS OF MAY 28, 2023 - $232,715." Neither party challenges the inclusion of the invoice in the record appendix.

9

pending and thus not business records, "[t]hose bits of relevant evidence which could be found in the records were introduced through the testimony"); American Velodur Metal, Inc., 20 Mass. App. Ct. at 467 (abuse of process damages proven by testimony of counsel's law partner, which "was necessarily based in part on the records of the firm"). Bosch did not object to Caroline's testimony that Ralph's legal costs were "approximately 235,000 dollars," but only to Ralph's counsel's using the document to refresh her recollection. To refresh a witness's recollection, a lawyer may show the witness a document that contains hearsay. See Commonwealth v. Cunneen, 389 Mass. 216, 225 (1983) (memory refreshed by invoices). See also Mass. G. Evid. § 612(a)(1) (2025).

As for Bosch's claim that Caroline's testimony violated the best evidence rule because the invoice was not admitted in evidence, that claim was not preserved for appellate review. At trial, Bosch strenuously objected to admission of the invoice. She cannot now be heard to complain about its absence, particularly on a theory she did not raise at trial. See Ciccarelli v. School Dep't of Lowell, 70 Mass. App. Ct. 787, 799 (2007) (issue not preserved for appeal where party failed to "lodge a specific objection on the record" at trial).

10

b.  _Testimony about Ralph's medical condition_.  Bosch argues that the judge erred in admitting testimony of Ralph and Caroline that while the litigation was pending Ralph suffered two strokes, and because of that testimony Bosch was entitled to a new trial.

In denying the motion for a new trial, the judge concluded that "there were valid reasons to introduce evidence of Ralph's ailments and condition," and it "did not poison the trial as Bosch suggests."  We agree that evidence of Ralph's medical condition was admissible to explain inconsistencies between his deposition testimony and his trial testimony.  Ralph testified that medications he was taking at the time of his deposition caused vertigo, loss of memory, extreme confusion, and fatigue, but the medications he was taking at the time of trial did not affect his memory.  We conclude that the judge did not abuse his discretion in ruling that the evidence was relevant.  See Harris-Lewis v. Mudge, 60 Mass. App. Ct. 480, 485 (2004).

Moreover, as the judge noted, he had "instructed the jury that it could not attribute any medical condition to the litigation against Ralph, due to the absence of medical testimony."  Bosch did not object to those instructions.  We presume that the jury followed them.  See David v. Kelly, 100 Mass. App. Ct. 443, 451 (2021).  We agree with the judge that,

11

because the jury did not award Ralph any damages related to his medical condition, the issue is "academic."

3. Damages. Bosch argues that the judge erred in denying her motion for remittitur of the jury's award to Ralph of $232,715 in damages. We apply a "highly deferential" standard in assessing the evidence supporting a jury's award of damages "and will overturn such an award only if it is 'clearly excessive in relation to what the plaintiff's evidence ha[d] demonstrated damages to be.'" Trites v. Cricones, 105 Mass. App. Ct. 246, 256 (2025), quoting Spinosa v. Tufts, 98 Mass. App. Ct. 1, 10 (2020).

In denying Bosch's motion, the judge found that Ralph's evidence of damages was based "almost entirely" on Caroline's testimony. As mentioned, Caroline testified, without objection, that the amount of Ralph's legal costs was "approximately 235,000 dollars," and, after her recollection was refreshed, testified that it was $232,715 -- the same amount the jury awarded. In light of this evidence, the jury's damage award cannot be said to "lack[] an evidentiary foundation." Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 483 (1991). We discern no abuse of discretion in the denial of Bosch's postjudgment motion to the extent that it was based on an

12

excessive damage award.  See Baudanza v. Comcast of Mass. I,
Inc., 454 Mass. 622, 630 (2009).

4.  New Hampshire consumer protection act.  Finally, Bosch
argues that the judge erred in finding that David did not
violate the CPA, N.H. Rev. Stat. Ann. § 358-A.[9]  Bosch contends
that because the jury found David liable for misrepresentation,
and, according to Bosch, the trial evidence would support a
finding that David's misrepresentations were fraudulent and
intentional, the judge was required to find that David also
violated the CPA.  We disagree.

We apply the New Hampshire statute.  See N.J. Gendron
Lumber Co. v. Great N. Homes, Inc., 8 Mass. App. Ct. 411, 418-
419 (1979) (applying CPA).  It proscribes "any person" from
using "any unfair or deceptive act or practice in the conduct of
any trade or commerce," including "[r]epresenting that goods or
services are of a particular standard, quality, or grade . . . ,
if they are of another."  N.H. Rev. Stat. Ann. § 358-A:2 (VII).
See N.H. Rev. Stat. Ann. § 358-A:2 (V).  As construed by the New
Hampshire Supreme Court, a misrepresentation "does not, as a
matter of law," amount to a violation of the CPA.  Fat Bullies
Farm, LLC v. Devenport, 170 N.H. 17, 26 (2017).  Rather, "the

_____

[9] On appeal, Bosch does not argue that the judge erred in
ruling that Bosch failed to prove that Ralph violated the CPA,
and so we do not consider the issue.

objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."[10]  Id. at 24, quoting George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 129 (2011).  In the context of the CPA, "[t]he trial court's findings of fact and rulings of law will be upheld unless they lack evidentiary support or constitute clear error of law."  Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 675 (2013), quoting George, supra.  Cf. Green Mountain Realty Corp. v. Fifth Estate Tower, LLC, 161 N.H. 78, 82 (2010) (whether CPA applied to conduct in political setting was question of law reviewed de novo).

From the trial evidence, including the testimony of David and Bosch, the judge found that David was "in over his head" in trying to renovate the farmhouse, and "should have obtained additional expertise," particularly that of a structural engineer, and as a result some of David's work had to be redone. The judge found that those facts were reflected in the verdicts

_____

[10] That standard was originally enunciated by this court in Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 (1979), construing G. L. c. 93A, the Massachusetts analogue to the CPA.  Although the Supreme Judicial Court has since repudiated that language as "uninstructive," Massachusetts Employers Ins. Exchange v. Propac-Mass, Inc., 420 Mass. 39, 42 (1995), the New Hampshire Supreme Court has adopted it, see Barrows v. Boles, 141 N.H. 382, 390-391 (1996), and continues to apply it in construing the CPA.

14

against David for misrepresentation, negligence, and gross negligence, but David "did not undertake to defraud Bosch, nor did he take her money without performing work or buying materials." We conclude that the judge's findings of fact do not lack evidentiary support, and his rulings of law do not constitute clear error. See Axenics, 164 N.H. at 675-677.

Conclusion. The judgment dated June 2, 2023, in favor of Ralph on his abuse of process counterclaim is affirmed. The orders dated September 27, 2023, denying Bosch's motions (1) for judgment n.o.v., or, in the alternative, for a new trial, on the abuse of process counterclaim; (2) for remittitur as to the jury's award of damages on abuse of process; and (3) to alter or amend the judgment, or for a new trial, based on Ralph's medical testimony, are affirmed. The judgment dated August 23, 2024, against Bosch on her CPA counterclaims is affirmed.[11]

So ordered.

By the Court (Singh, Grant & Tan, JJ.[12]),

Clerk

Entered: March 6, 2026.

---

[11] Ralph's request for appellate attorney's fees is denied.

[12] The panelists are listed in order of seniority.

15